UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) | |
| | ) | No. 6:25-CR-10-REW-HAI |
| v. | ) ) | |
| KATELYNN NICHOLE BOATRIGHT, *also known as* Katie Boatright, | ) ) ) | ORDER |
| Defendant. | ) ) | |

*** *** *** ***

After conducting Rule 11 proceedings, *see* DE 86 (Minute Entry), United States Magistrate Judge Hanly A. Ingram recommended that the undersigned accept Defendant Boatright's guilty plea and adjudge her guilty of a lesser included offense of the Indictment (DE 1)—specifically, conspiracy to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 846. *See* DE 87 (Recommendation); *see also* DE 90 (Plea Agreement). Judge Ingram expressly informed Defendant of her right to object to the recommendation and to secure de novo review from the undersigned. *See* DE 87 at 2–3. The established, three-day objection deadline has passed, and no party has objected.

The Court is not required to "review . . . a magistrate[ judge]'s factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting that the Sixth Circuit has "long held that, when a defendant does 'not raise an argument in his objections to the magistrate[ judge]'s report and recommendation . . . he has forfeited his right

to raise this issue on appeal'" (quote brackets simplified) (quoting *Kensu v. Haigh*, 87 F.3d 172, 176 (6th Cir. 1996))); *United States v. Olano*, 133 S. Ct. 1770, 1777 (1993) (distinguishing waiver and forfeiture); FED. R. CRIM. P. 59(b)(2)–(3) (limiting de novo review duty to "any objection" filed); 28 U.S.C. § 636(b)(1) (limiting de novo review duty to "those portions" of the recommendation "to which objection is made").

The Court thus, with no objection from any party and on full review of the record, ORDERS as follows:

1. The Court ADOPTS DE 87 and ADJUDGES Boatright guilty of the lesser included offense of the Indictment (DE 1), as defined in the plea agreement;

2. The Court DEFERS consideration of the binding plea agreement pending the final presentence investigation report and sentencing hearing;

3. The Court will issue a separate sentencing order.[1]

This the 18th day of February, 2026.

Signed By:
*Robert E. Wier*  REW
United States District Judge

---

[1] At the hearing, Judge Ingram remanded Boatright to custody. *See* DE 86 at 2. This was her status following arraignment. *See* DE 11 at 2. Absent intervening orders, Defendant shall remain in custody pending sentencing.